McCORD, Judge.
This is a petition for writ of certiorari to review an order of respondent, Board of Business Regulation, Department of Business Regulation.
Petitioner, the trainer of a horse named “National Ad,” was found guilty by the Division of Pari-Mutuel Wagering of violations of four Horse Racing Rules — Rules 7E-1.06(9) (11) (15) and (16). The Division revoked petitioner’s license for the balance of its term (to June 30, 1974) and declared him ineligible to be licensed in any capacity in the pari-mutuel industry until December 21, 1975. The order of the Division was appealed to respondent and it found there was competent substantial evidence to support the order but reduced the penalty of suspension from two years to one year.
The alleged violations of the above Rules 7E-1.06(9) and (11) related to racing “National Ad” with the drug “Bute” in his system. In its brief and argument before this court respondent stated that it now makes no contention that the finding that petitioner violated said Rules 7E-1.-06(9) and (11) should be upheld because the drug “Bute” is now legal in the amounts found in “National Ad.” Respondent does contend, however, that there was competent substantial evidence to support the findings of violation of Rules 7E-1.-06(15) and (16). Said rules are as follows :
“7E-1.06(15) — No person within the grounds of a racing association where race horses are lodged or kept, shall have in or upon the premises which he occupies or has the right to occupy, or in his personal property or effects, any hypodermic syringe, hypodermic needle, or other device which could be used for the injection or other infusion into a horse of a drug, stimulant or narcotic, without first securing written permission from the Stewards. Every racing association, upon the grounds of which race horses are lodged or kept, is required to use all reasonable efforts to prevent the violation of this rule.
*19 “7E-1.06(16) — All medicines, drugs, or medications of any nature shall be kept or stored at all times in a securely locked cabinet, locker, or room. It is the responsibility of the trainer to see that this rule is complied with. Any trainer or other person found guilty of the violation of this rule shall be fined or suspended, or both.”
The Division’s findings regarding Rules (15) and (16) were as follows:
“2. That KENNETH DEAN WILK-EY admitted that a certain box discovered by an investigator for the Division of Pari-Mutuel Wagering on December 12, 1973, in his automobile parked on the grounds of Calder Race Course, was, in point of fact, actually in his automobile and that he had an idea that the same contained devices, materials and/or things prohibited by the pertinent statutes and/or rules and regulations of the State of Florida.
3. That the said box contained a large number of hypodermic needles, various and sundry medications, and/or drugs prohibited by statutes and rules and regulations of the State of Florida, including one drug subsequently identified by the Chief Chemist of the State of Florida as Apomorphine, together with three notes and/or letters of instruction relative to the use of hypodermic syringes and certain prohibited drugs, said contents being admitted by Trainer KENNETH DEAN WILKEY at the hearing.
4. That the three handwritten notes or letters contained notations as to method and manner of administration of certain drugs, including ‘Dopran,’ 4 ccs in the vein one hour prior to race and ‘dissolve three tablets in 3 ccs of warm water about one hour prior to administration and give about 10-15 minutes prior to leaving for paddock. Put under skin, then rub the area.’
Trainer WILKEY testified that the subject box containing the prohibited material belonged to his brother who is a veterinarian, although then and presently not licensed in the State of Florida, and that presumably said notes were matters and things appertaining to the business of his said brother as a veterinarian, that one of said notes his brother could not identify and was unaware of how it came into existence nor into his box.
5. That the possession of said box containing hypodermic needles and prohibited drugs and the aforesaid notes, as the record reveals, in the automobile of Trainer WILKEY on the grounds of Calder Race Track during a racing meet is a violation of Rule 7E-1.06(15) (16) of the Rules of Horse Racing of the State of Florida.
6. That in the opinion of the Director, after having presided over the hearing as aforesaid, Trainer WILKEY knew or, as he testified, had a very good idea, or in any event he should have known, the contents of a box which he kept for a period of approximately two months (according to testimony) on the grounds of a pari-mutuel association while a meet was in progress.”
From a review of the record we find competent substantial evidence to support the findings of the Division as affirmed by respondent that petitioner violated Rule 7E-1.06(15) and (16). Since, however, the penalty assessed against petitioner was assessed for violating the four rules rather than the remaining two, certiorari is granted and the penalty assessed by respondent’s order is quashed with directions to reassess an appropriate penalty for the two rule violations which are here upheld.
RAWLS, C. J., and JOHNSON, J., concur.